**Robert L. Allen, OSB No. 650028**
Email: rallen@dunncarney.com
**George J. Cooper, OSB No. 720563**
Email: jcooper@dunncarney.com
**Timothy B. Hering, OSB No. 052820**
Email: thering@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: 503.224.6440
Fax: 503.224.7324

  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GIFTANGO, LLC**, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>**KENT M. ROSENBERG**, an individual;<br>**TODD A. HAIMERL**, an individual;<br>**BLACKHAWK NETWORK CALIFORNIA, INC.**, dba **BLACKHAWK  NETWORK, INC.**, a California corporation,<br><br>    Defendants. | Case No. 3:13-cv-00031-AC<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

  This matter came before the Court on plaintiff Giftango, LLC's motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue against defendants Kent M. Rosenberg, Todd A. Haimerl and Blackhawk Network California, Inc.

Page 1   **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**
    DCAPDX_892118_v1

Based upon the pleadings filed in this case, the Declaration of Mike Fletcher and supporting exhibits, and the argument of counsel, the Court finds that that if defendants are not immediately restrained as set forth in this order, plaintiff will be irreparably harmed as follows: (1) lost business and market share which may never be recovered, (2) lost goodwill and benefits of the relationships established with customers and prospective customers, (3) damaged reputation, (4) substantial diminishment or destruction of the value of confidential and proprietary business information and trade secrets, and (5) being placed at an unfair disadvantage in competing with Defendant Blackhawk in the open marketplace.

Accordingly, it is ORDERED

1. Defendants Kent M. Rosenberg, Todd A. Haimerl, and their agents, servants, attorneys, and other persons who are in active concert with them and who receive actual notice of this Order by personal service or otherwise, are restrained from indirectly or directly:

   a. Disclosing the confidential information or trade secrets of Giftango, LLC or Giftango, Inc. ("Giftango Entity"), to any other person or entity.

   b. Using the confidential information or trade secrets of any Giftango Entity to solicit business from any person or entity.

   c. Soliciting any business from, or inducing the decrease or cessation of any Giftango Entity's business with, any person or entity that has conducted business with a Giftango Entity during the one-year period preceding January 4, 2013 ("Giftango Customer"), or any person or entity affiliated with a Giftango Customer, excluding only those Giftango Customers with which Defendant Rosenberg negotiated an agreement prior to being employed by Giftango, Inc. (if any).

   d. Soliciting any business from, or inducing the decrease or cessation of any Giftango Entity's business with, any person or entity to which any Giftango Entity has submitted a bid or proposal during the six-month period preceding January 4, 2013 ("Giftango Prospect"), or any person or entity affiliated with a Giftango Prospect, excluding only those Giftango Prospects with which Defendant Rosenberg negotiated an agreement prior to being employed by Giftango, Inc. (if any).

    e.    Inducing any person to leave the employment of any Giftango Entity, or hire or use the services of any person who was an employee of any Giftango Entity within a six-month period prior to the hiring or use.

    f.    Participating in joint ventures or acting as a consultant or subcontractor or employee of others who directly solicit business from any person or entity that was a customer, client or prospect of a Giftango Entity during the twelve month period prior to the date Rosenberg and Haimerl resigned from Giftango.

    g.    Aiding other people or entities from doing anything prohibited by this Order.

2.    Defendant Blackhawk Network California, Inc., and its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them and who receive actual notice of this Order by personal service or otherwise, are restrained from indirectly or directly:

    a.    Disclosing the confidential information or trade secrets of a Giftango Entity to any other person or entity.

    b.    Using the confidential information or trade secrets of any Giftango Entity to solicit business from any person or entity.

    c.    Aiding or assisting any person or entity from taking any action prohibited by this Order or any action in violation of the Confidentiality and Proprietary Rights Agreements executed by Rosenberg and Haimerl.

3.    Defendants are ordered to appear in person in Courtroom 14B at the US District Court, 1000 S.W. Third Ave., Portland, OR 97204, on January 23, 2013 at 2:00 p.m. to show cause why a preliminary injunction should not issue in accordance with this temporary restraining order.

4.    This Order shall expire at the date and time set forth in paragraph 3 above, unless extended by further order of the Court.

5. Pursuant to Rule 65(c), plaintiff is required to post a bond with the Clerk of the Court in the amount of $5,000.

Briefing for the preliminary injunction hearing shall be as follows: Defendants' response due by January 15, 2013 at 3:00 p.m. with a paper judge's copy delivered immediately to chambers; Plaintiffs' reply due by January 18, 2013 at 3:00 p.m. with a paper judge's copy delivered immediately to chambers.

Dated this 10th day of January, 2013.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
U.S. DISTRICT COURT JUDGE